Wiley Randolph Kuyrkendall
200 Grand View Court
Pearl, Mississippi 39208
601-665-5611
rkdall@comcast.net



The United States of America

The United States

District Court of the United States

Southern District of Mississippi

Jackson Division

UNITED STATES OF AMERICA

*Plaintiff*

*v.*

Wiley Randolph Kuyrkendall

*Accused*

CASE 3:09-cr-00018-DPJ-LRA-1

Motion for Bill of Particulars

Comes now Wiley Randolph Kuyrkendall ("Kuyrkendall") *in propria persona* by limited special appearance, and not a general appearance with this Motion for Bill of Particulars.

Charges Alleged in the Indictment Docket 1

COUNT 1

During the calendar year 2002, in Rankin County in the Jackson Division of the Southern District of Mississippi, the defendant, **WILEY RANDOLPH KUYRKENDALL**, received gross income of approximately $109,878.00, which was substantially in excess of the minimum filing requirement of $13,850.00 for Married Filing Jointly filing status in the calendar year 2002, and that by reason of such gross income, the defendant was required by law, following the close of each calendar year

and on or before April 15 of the following year or the date on which the defendant had received an extension, to make an income tax return to the Director, Internal Revenue Service Center, at Atlanta, Georgia, or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled; that knowing this, he willfully failed to make an income tax return to the Director of the Internal Revenue Service Center, or to any other proper officer of the United States, in violation of Section 7203, Title 26, United States Code.

## COUNT 2

During the calendar year 2003, in Rankin County in the Jackson Division of the Southern District of Mississippi, the defendant, **WILEY RANDOLPH KUYRKENDALL**, received gross income of approximately $159,022.00, which was substantially in excess of the minimum filing requirement of $15,600.00 for Married Filing Jointly filing status in the calendar year 2003, and that by reason of such gross income, the defendant was required by law, following the close of each calendar year and on or before April 15 of the following year or the date on which the defendant had received an extension, to make an income tax return to the Director, Internal Revenue Service Center, at Atlanta, Georgia, or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled; that knowing this, he willfully failed to make an income tax return to the Director of the Internal Revenue Service Center, or to any other proper officer of the United States, in violation of Section 7203, Title 26, United States Code.

## COUNT 3

During the calendar year 2004, in Rankin County in the Jackson Division of the Southern District of Mississippi, the defendant, **WILEY RANDOLPH KUYRKENDALL**, received gross income of approximately $266,168.00, which was substantially in excess of the minimum filing requirement of $15,900.00 for Married Filing Jointly filing status in the calendar year 2004, and that by reason of such gross income, the defendant was required by law, following the close of each calendar year and on or before April 15 of the following year or the date on which the defendant had received an extension, to make an income tax return to the Director, Internal Revenue Service Center, at Atlanta, Georgia, or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled; that knowing this, he willfully failed to make an income tax return to the Director of the Internal Revenue Service Center, or to any other proper officer of the United States, in violation of Section 7203, Title 26, United States Code.

## COUNT 4

During the calendar year 2005, in Rankin County in the Jackson Division of the Southern District of Mississippi, the defendant, **WILEY RANDOLPH** KUYRKENDALL, received gross income of approximately $261,799,00, which was substantially in excess of the minimum filing requirement of $16,400,00 for Married Filing Jointly filing status in the calendar year 2005 , and that by reason of such gross income, the defendant was required by law, following the close of each calendar year and on or before April 15 of the following year or the date on which the defendant had received an extension, to make an income tax return

to the Director, Internal Revenue Service Center, at Austin, Texas, or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled; that knowing this, he willfully failed to make an income tax return to the Director of the Internal Revenue Service Center, or to any other proper officer of the United States, in violation of Section 7203, Title 26, United States Code,

### Particulars Requested As to Each Count

Charges alleged in Counts 1, 2, 3 and 4 are all in violation of 26 U.S.C. § 7203 that the Accused was "in Rankin County in the Jackson Division of the Southern District of Mississippi * * * received gross income * * * by reason of such gross income, the defendant was required by law * * * to make an income tax return to the Director, Internal Revenue Service Center, at Atlanta, Georgia, or other proper officer of the United States. * * * he willfully failed to make an income tax return to the Director of the Internal Revenue Service Center, or to any other proper officer of the United States."

### QUESTIONS

1. Please identify the specific geographical boundaries (*locus delicti*) of the "Internal Revenue District" that a "return" is required to be filed by the Accused. (26 U.S.C. § 6091, TDO 150-01[60 FR 52726], TDO 150-02 [March 9, 2001], 69 FR 55743-47, 72 FR 39737-40, *Olberding et al. v. Illinois Cent. R. C. Inc.*, 346 U.S. 338 (1953), *Salinger v. Loisel*, 265 U.S. 224, 232, 233 (1924), holding in *United States v. Cabrales*, 524 U.S. 1, 2 (1998) )

2. Please identify with specificity what "Internal Revenue District" Rankin County is located in.

3. Please identify with specificity by name and geographical boundaries what "Internal Revenue District" is located in the venue of "Jackson Division of the Southern District of Mississippi."

4. Please identify with specificity the venue of "Rankin County" that is located in the venue of an "Internal Revenue District" located in the venue of "Jackson Division of the Southern District of Mississippi."

5. Since the "Internal Revenue Districts" have been abolished, please identify where they have been established that the Accused could file a "return." (26 U.S.C. § 6091, TDO 150-01[60 FR 52726], TDO 150-02 [March 9, 2001], 69 FR 55743-47 [2004], 72 FR 39737-40 [2007], *Olberding et al. v. Illinois Cent. R. C. Inc.*, 346 U.S. 338 (1953), *Salinger v. Loisel*, 265 U.S. 224, 232, 233 (1924), holding in *United States v. Cabrales*, 524 U.S. 1, 2 (1998) )

6. Please identify the specific location and name of the "District Director" of this "Internal Revenue District" (*locus deliciti*) that the Accused can file a "return."

7. Please identify what an "Internal Revenue Service Center" means.

8. Please identify what a "Director" means.

9. Please identify the geographical boundaries (venue) of the "Internal Revenue Service Center." that requires the filing of a "return."

10. Please identify what a "proper officer of the United States" means. (Article II Section 2 Clause 2, 5 U.S.C. § 2104, 5 U.S.C. § 2105, Form 61).

11. Please identify the specific Part 1 substantive regulations that creates any duty or obligation for the Accused to file an Individual Income Tax Return with OMB 1545-0074 in an "Internal Revenue District" with a "District Director" that has the *force and effect of law* that have been published as a Final Rule in the Federal Register under the mandates of the *Public Statutes at Large* at 49 Stat. 500-503 in the Federal Register Act June 26, 1935 as amended of *"general applicability and*

*legal effect"*, the *Public Statutes at Large* at 60 Stat. 237-244 in the Administrative Procedure Act of 1946 as amended *"substantive rules adopted as authorized by law."* (holding in *Chrysler v. Brown*, 441 U.S. 281 (1979), 5 U.S.C. 551(a), 38 FR 4954-4974 [1973][26 CFR § 601.101], 67 FR 69673 [2002][26 CFR § 601.702 – substantive regulations], 26 U.S.C. § 7801, 26 U.S.C. §§ 6201, 6202, 6203 -assessment).

12. Please identify what "gross income" means.

13. Please identify any regulations that would make 26 U.S.C. § 61 Gross Income inoperative and/or the regulations published in the Federal Register inoperative. (30 FR 704-705 [1965][26 CFR § 1.6091-4]).

14. Please identify the entity "UNITED STATES OF AMERICA" and what it means.

15. What is the composition of the members of the Grand Jury as to were they "citizens of the United States", citizens of the several States, or "citizens of Mississippi." (16 Stat. 27, 42 U.S.C. §§ 1981, 1982, 1988, 6th Amendment)

16. Please identify what "by law" means.

17. Please identify "income tax return" means an Individual Income Tax Return with OMB 1545-0074.

Kuyrkendall reserves the right to file additional Bill of Particulars as required until have I have sufficient notice of what I am charged with so that I mount a proper and constitutional defense. As contained in the current Indictment, I do not have enough notice of the specific alleged charges to defend same.

My Hand,

*Wiley R. Kuyrkendall*

**Certification:**

I certify that this document and any attachments were either delivered to office(s) or mailed via USPS first class to the following parties, to wit:

**David Michael Hurst, Jr.**
**U.S. Attorney's Office -- Jackson**
188 E. Capitol St., Suite 500
Jackson, Mississippi 39201
601-973-2880 Phone
601-965-4409 Fax
mike.hurst@usdoj.gov

Date 4/23/09

_____
Signature