IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**UNITED STATES OF AMERICA**

**V.**                                                                            **CRIMINAL NO. 3:09cr18-DPJ-LRA**

**WILEY RANDOLPH KUYRKENDALL**                                                    **DEFENDANT**

---

### ORDER

THIS CAUSE is before the Court upon the Motion for Bill of Particulars, document number 13, filed by Wiley Randolph Kuyrkendall [hereinafter "Defendant"] on April 23, 2009.  Defendant requests that a bill of particulars be provided, and the Government objects thereto.  The Court finds that the indictment sufficiently places Defendant on notice of the charges against him and provides him with sufficient information to prepare his defense.  The purpose of a bill of particulars is simply to "minimize surprise by giving sufficient notice of a charge for its defense." *United States v. Nixon*, 816 F.2d 1022, 1031 (5th Cir. 1987).  *See also* United States v. *Moody,* 923 F.2d 341, 351 (5th Cir. 1991), *cert. denied*, 502 U.S. 821 (1992) (indictment is sufficient if it contains elements of offense charged; fairly informs defendant of charges he must prepare to meet; and, enables defendant to bar future prosecutions for the same offense).  It is not to be utilized for generalized discovery.  *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978).

Defendant has not shown that the indictment fails to inform him of the essential elements of the crime he is charged with, or that he needs additional information to defend himself.  The Government contends that it provided discovery to Defendant on

April 14, 2009, including an entire banker's box of documents. Further, two Compact Discs ("CDs") containing electronic copies of the discovery were provided. These are not complicated charges: Defendant is charged with willfully failing to file tax returns for the years 2002 through 2005. The Government is not required to provide Defendant with simple definitions of terms, or an analysis of the Internal Revenue structure or of the jurisdiction of the Internal Revenue. Defendant, or an attorney working on his behalf, is required to do such research. In his reply, Defendant discusses venue, district directors, internal revenue districts, and numerous other topics. He also recites numerous cases as well as portions of the Federal Register. None of this is pertinent to the discovery required from the Government or to the sufficiency of the indictment.

Accordingly, the motion for a bill of particulars IS HEREBY DENIED.

SO ORDERED, this the 13th day of May, 2009.

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE