Wiley Randolph Kuyrkendall
200 Grand View Court
Pearl, Mississippi 39208
601-665-5611
rkdall@comcast.net

The United States of America

The United States

District Court of the United States

Southern District of Mississippi

Jackson Division

UNITED STATES OF AMERICA

*Plaintiff*

*v.*

Wiley Randolph Kuyrkendall

*Accused*

CASE 3:09-cr-00018-DPJ-LRA-1

First Motion to Dismiss - Venue

Comes now Wiley Randolph Kuyrkendall ("Accused") *in propria persona* by limited special appearance, and not a general appearance with this First Motion to Dismiss - Venue.

Secured in the Bill of Rights in the Sixth Amendment "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . trial, by an impartial jury of the State and district ***wherein the crime shall have been committed***, which ***district shall have been previously ascertain by law***." Arising under Article III Section 2 Clause 3 "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such

Trial *shall be held in the State where the said Crimes shall have been committed*; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed." These are substantive and fundamental rights to which the Accused does object and take exception to the Federal Rules of Criminal Procedure ("FRCP") as controlling and that they are unconstitutional, unlawful and illegal including the Act of Congress of 54 Stat. 688 of June 29, 1940 removing from the Venue of the Statutes under Congress for criminal procedure wherein previously the Supreme Court of the United States only promulgated rules in Equity and Admiralty. This is unconstitutional, unlawful and an illegal act also redid identified as "supersession" (see commentary under 28 U.S.C. § 2072 in Westlaw), i.e. @ 54 Stat. 688 in 1988 "thereafter all laws in conflict therewith shall be of no further force and effect." Congress has no grant of Power to delegate to the Supreme Court of the United States that any law in conflict shall be trumped by any Rule of Court made after a "Law of the United States", "Law of Congress", "Policies of Congress" or Codes without regard to whether "positive law" or not as codified.

And further the Accused does object and take exception to updated version of 54 Stat. 688 found codified in 28 U.S.C. § 2072 under 102 Stat. 4642 @ 102 Stat. 4648-4649 of November 19, 1988.

The Indictment must be dismissed as the purported crime alleged is totally fraudulent. In this Motion to Dismiss is the issue of Venue which is inextricably intertwined with other fraudulent issues alleged in the Indictment by the "UNITED STATES OF AMERICA" (sic) that the crime was in the Venue " . . . to make an income tax return to the Director, Internal Revenue Service Center, at Atlanta, Georgia", which is

not correct. The Venue is established by Code in 26 U.S.C. § 6091 to "file" is in an "internal revenue district", which by Code 28 U.S.C. § 7621(a) "The President shall establish convenient internal revenue districts . . . (b) the President may subdivide any State, or the District of Columbia, or may unite into one district two or more States."

The Venue established for the "internal revenue districts" for the Accused who is domiciled in one of the several States being in Mississippi as one of the Union of States within the Federal Constitution was published in the Federal Register October 10, 1995 (Treasury Order Number 150-01 (as published by the IRS and indentified also as "T.D.O. No. 150-01" of September 28, 1995 [Treasury Department Order]) 60 FR 52726-28 that specifically identifies District name as "Gulf Coast District" and the "Headquarters" is in "New Orleans, Louisiana" for Mississippi and not in "Atlanta, Georgia" which is specifically only for the "Georgia District" for Georgia as one of the several States precluding Mississippi. This Court shall take judicial Notice of the Federal Register under 44 U.S.C. § 1507 and Evidence Rule 201.

But since the elimination of the "internal revenue districts" is found in Treasury Department Order of March 9, 2001, i.e. T.D.O No. 150-02 at "18." canceling T.D.O. No. 150-01 of September 28, 1995 published in 60 FR 52726-28 poses another insurmountable problem in opposition to 26 U.S.C. § 6091. *Impotentia excusat legem. Lex non cogit ad impossibilia.* If there is no Venue, there can be no crime or offense not to mention that the Accused isn't domiciled in Georgia. The crime is where the Accused is required to file an Income Tax Return if so required, which of course the Accused isn't even required to file or "fails to pay" (7203).

Therefore the Indictment must be dismissed with prejudice.

My Hand,

*Wiley R. Kuykendall*

**Certification:**
I certify that this document and any attachments were either delivered to office(s) or mailed via USPS first class to the following parties, to wit:

**David Michael Hurst, Jr.**
**U.S. Attorney's Office – Jackson**
188 E. Capitol St., Suite 500
Jackson, Mississippi 39201
601-973-2880 Phone
601-965-4409 Fax
mike.hurst@usdoj.gov

Date 6/8/09

_____
Signature