Wiley Randolph Kuyrkendall
200 Grand View Court
Pearl, Mississippi 39208
601-665-5611
rkdall@comcast.net



The United States of America

The United States

District Court of the United States

Southern District of Mississippi

Jackson Division

UNITED STATES OF AMERICA

*Plaintiff*

*v.*

Wiley Randolph Kuyrkendall

*Accused*

CASE 3:09-cr-00018-DPJ-LRA-1

Second Motion to Dismiss – the meaning of "by law" - with Memorandum

Comes now Wiley Randolph Kuyrkendall ("Accused") *in propria persona* by limited special appearance, and not a general appearance with this Second Motion to Dismiss – the meaning of "by law" with Memorandum.

This Indictment by the grand jury states therein in each Count "[A]nd that by reason of such gross income, the defendant was required ***by law***." The "UNITED STATES OF AMERICA" ("USA") has not disclosed to the Accused what "by law" means and if any definition or meaning was disclosed to the grand jury.

The Federal Constitution in Article VI "This Constitution, and the *Laws of the United States* which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

As the specific meaning was not disclosed to the Accused and Accused has verifiable information that "by law" exceeds the grant of Power to Congress to enact "Laws of the United States which shall be made in Pursuance thereof", this Indictment should be dismissed with prejudice.

## Memorandum

As evidenced from the very beginning of our constitutional Republic Volume one of the Public Statutes at Large being **Attachment A** excerpt the use of the term "Public Statutes at Large" (pg. 1), the use of "The Laws of the United States" in compliance with Article VI of the "Constitution of the United States" (pg. 2) and the use of "statute by very first "Statute I" (pg. 2) was passed June 1, 1879. This court shall take judicial Notice of this under Evidence Rule 201.

In the Indictment the term or word "statute" is not used, but instead the term "by law" is used in the 1947 Attorney General's Manual on the Administrative Procedure Act being **Attachment B** evidences clearly the deletion of "statute" and replacement with "by law" in the Administrative Procedure Act of 1946 at 60 Stat 237-244 being **Attachment C** which is codified today in 5 U.S.C. chapters 5, 6, 7, 8 and 9.

In **Attachment B** page 2 and 3 being the 1947 Attorney General's Manual, to wit:

> The original draft of section 9(a) limited the imposition of sanctions to those "as specified and authorized by *statute*." Senate Comparative Print, June 1945, p. 17 (Sen. Doc. P. 1959). The change of the word "*statue*" to "*law*" *was intentional* so as to recognize that

an agency may impose a sanction or *issue a substantive rule* or order if such power is authorized **not only** *by statues* but *by treaties*, *court decisions*, *commonly recognized administrative practices*, or *other law*. See *United States. V. MacDaniel*, 7 Pet. (32 U.S.) 1, 13-14 (1833). Both the Senate and House reports recognize that the source authority for imposition of a sanction or the *issuance of a substantive rule* or order may be either specific or general, as the case many be Sen. Rep. p. 25, H.R. Rep. p. 40 (Sen. Doc. Pp. 211, 274).

The purpose of section 9(a) is, evidently, to assure that agencies will not appropriate to themselves powers Congress has not intended them to exercise. Section 9(a) merely restates existing law. Sen. Rep. p. 43 (Sen. Doc. P. 229). Many agencies' powers are very clear; they are set forth specifically in the act creating the agency. Still other power may be readily inferred from the framework of the act creating the agency or may be logically necessary for the conduct of the powers granted to the agency. But whether an agency's powers are express or implied, in either case they may be exercised. Particularly in the connection is the language of the Supreme Court in *Phelps Dodge Corp. v. National Labor Relations Board*, 313 U.S. 177, 194 (1941):

> A statute expressive of such large public policy as that on which the National Labor Relations Board is based must be broadly phrased and necessarily caries with it the task of administrative application. There is an area plainly covered by the language of the act and an area no less plainly without it. *But in the nature of things Congress could not catalogue all the devices and strategems for circumventing the policies of the act. Nor could it define the whole gamut of remedies to effectuate these policies in an infinite variety of specific situations.* Congress met these difficulties by leaving the adaptation of means to end to the empiric process of administration. *** the relation of remedy to policy is peculiarly a matter for administrative competence. [I *Italics supplied*]. *[Emphasis added]*

The current use of the 1947 Attorney General Manual is also evidenced by its publication within the "Federal Administrative Procedure Sourcebook Third Edition 2000" by "William F. Funk, Jeffrey S. Lubbers, Charles Pou, Jr. Editors" Library of Congress Control Number 00-134833 with ISBN 1-57073-848-3 on pages 120-121 being **Attachment D**.

As examples of the continued use of the Attorney General Manual of 1947 and in conjunction with the Internal Revenue Service see 73 FR 78020 of December 19, 2008, 71 FR 70788-04 of December 6, 2006, proposed rules 68 FR 69442-1 of December 12, 2003, 65 FR 39513-01 of June 27, 2000, 56 FR 27548-01 of July 3, 1990 and many more. This court shall take judicial Notice of the Federal Register publications under 44 U.S.C. 1507 and Evidence Rule 201.

In the adjudged decision of *Connally v. General Const. Co.* 269 U.S. 385, 391, 393 (1925), to wit:

> @ *385* - [1] That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; <u>*and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.*</u> *International Harvester Co. v. Kentucky*, 234 U. S. 216, 221, 34 S. Ct. 853, 58 L. Ed. 1284; *Collins v. Kentucky*, 234 U. S. 634, 638, 34 S. Ct. 924, 58 L. Ed. 1510. *[Emphasis added]*

> @ *393* - * * * <u>*The dividing line between what is lawful and unlawful cannot be left to conjecture. The citizen cannot be held to answer charges based upon penal statutes whose mandates are so uncertain that they will reasonably admit of different constructions*</u>. A criminal statute cannot rest upon an uncertain foundation. The crime, and the elements constituting it, must be so clearly expressed that the ordinary person can intelligently choose, in advance, what course it is lawful for him to pursue. Penal statutes prohibiting the doing of certain things, and providing a punishment for their violation, should not admit of such a double meaning that the citizen may act upon the one conception of its requirements and the courts upon another.' *[Emphasis added]*

As evidenced the use of "by law" is not within the powers granted by the Federal Constitution and as it includes statutes, other law, treaties, court decisions and commonly recognized administrative practices.

The Accused has absolutely no idea what "by law" means with all of these options and absolutely no means to create any defense. And further the Accused has no means to discern if "by law" was defined to the grand jury.

Therefore for these reasons the Indictment is not only unconstitutional but void for vagueness as the Accused has absolutely no means to defend himself.

My Hand,

*[signature: Wiley R. Kuykendall]*

**Certification:**

I certify that this document and any attachments were either delivered to office(s) or mailed via USPS first class to the following parties, to wit:

**David Michael Hurst, Jr.**
**U.S. Attorney's Office – Jackson**
188 E. Capitol St., Suite 500
Jackson, Mississippi 39201
601-973-2880 Phone
601-965-4409 Fax
mike.hurst@usdoj.gov

Date July 10th, 2009

*Wiley R. Kuykendall* (signature)