Wiley Randolph Kuyrkendall
200 Grandview Court
Pearl, Mississippi 39208
601-665-5611
rkdall@comcast.net



The United States of America

The United States

District Court of the United States

Southern District of Mississippi

Jackson Division

UNITED STATES OF AMERICA

*Plaintiff*

*v.*

Wiley Randolph Kuyrkendall

*Accused*

CASE 3:09-cr-00018-DPJ-LRA-1

**Motion in Limine and Demand for a Show Cause Hearing**

Comes now Wiley Randolph Kuyrkendall ("Accused") *in propria persona* by limited special appearance, and not a general appearance with this Motion in Limine and Demand for a Show Cause Hearing.

The "UNITED STATES OF AMERICA", whomever that entity is and/or an unknown Prosecutor purportedly from the Department of Justice ("DoJ") that represents the USA has not disclosed the "known legal duty" to the Accused.

The Accused has been given to date documents that have no bearing to the "known legal duty", which must be known by the Accused for this Indictment to have

even the appearance of Due Process of Law. As the DoJ Prosecutor and the Judge in this instant Case must have this knowledge of this "know legal duty" for the Indictment to proceed to the illusion of a Trial by Jury by "citizens of the United States" not in compliance with the Sixth Amendment "[I]impartial jury of the State" and not of the United States, i.e. "citizens of the United States" defined in 42 U.S.C. § 1981, 1982 and 1988 (Revised Statutes Title XXIV of 1878) to have the same rights "as enjoyed by white citizens."

In the pronouncement in *Cheek v. United States*, 498 U.S. 192, 199 (1991), ignorance of the law is not an excuse and the law must be definite and knowable, to wit:

> **The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system.** See, e.g., United States v. Smith, 5 Wheat. 153, 182, 5 L.Ed. 57 (1820) (Livingston, J., dissenting); Barlow v. United States, 7 Pet. 404, 411, 8 L.Ed. 728 (1833); Reynolds v. United States, 98 U.S. 145, 167, 25 L.Ed. 244 (1879); Shevlin-Carpenter Co. v. Minnesota, 218 U.S. 57, 68, 30 S.Ct. 663, 666, 54 L.Ed. 930 (1910); Lambert v. California, 355 U.S. 225, 228, 78 S.Ct. 240, 242, 2 L.Ed.2d 228 (1957); Liparota v. United States, 471 U.S. 419, 441, 105 S.Ct. 2084, 2096, 85 L.Ed.2d 434 (1985) (WHITE, J., dissenting); O. Holmes, The Common Law 47-48 (1881).

In the adjudged case of *United States v. International Minerals & Chemical Corp.*, 402 U.S. 558, 563 (1971) pronounced that "The principle that ignorance of law is no defense applies whether the *law be a statute* or a *duly promulgated and published regulation*." *[Emphasis added]*

**The Law Must be Knowable and This Includes a Statute and Published Regulation**

In the adjudged decision of Cheek v. United States, 498 U.S. 192, 199, 201-202 (1991) it was held that willfulness is not disjunctive that there must exist a law that is definite and knowable by the defendant; and, willfulness is not disjunctive that this definite and knowable existing law imposes a legal duty to file by either statute or (substantive) regulation upon the defendant; and, willfulness is not disjunctive with the

definite and knowable existing law that imposes the legal duty to file must be known by the defendant; and, willfulness is not disjunctive that the defendant voluntarily and intentionally violated that known legal duty imposed by the definite and knowable existing law.

Therefore to make willfulness a crime by the defendant, all of the essential elements are as follows, to wit:

1. There must exist a definite and knowable law; and,

2. This definite and knowable law must impose a legal duty to file by statute or (substantive) regulation; and,

3. This legal duty to file imposed by the definite and knowable law by statute or (substantive) regulation must be known by the defendant; and,

4. The defendant must have voluntarily and knowingly violated this known legal duty imposed by the definite and knowable existing law by statute or (substantive) regulation.

This was held in the adjudged decision in *Cheek v. United States*, 498 U.S. 192, 199, 201-202 (1991), to wit:

> *At 199* - Based on the notion that **the law is definite and knowable, the common law presumed that every person knew the law.** This common-law rule has been applied by the Court in numerous cases construing criminal statutes. See, e.g., *United States v. International Minerals & Chemical Corp.*, 402 U.S. 558, 91 S.Ct. 1697, 29 L.Ed.2d 178 (1971); *Hamling v. United States*, 418 U.S. 87, 119-124, 94 S.Ct. 2887, 2808-2911, 41 L.Ed.2d 590 (1974); *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed. 367 (1952). *[Emphasis added]*
>
> * * *
>
> *At 201-202* - **Willfulness**, as construed by our prior decisions in criminal tax cases, requires the Government to **prove that the law imposed a duty on the defendant**, that the **defendant knew of this duty**, and that he **voluntarily and intentionally violated that duty.** We deal first with the case where the issue is whether the defendant knew of the duty purportedly imposed by the provision of the **statute or regulation** he is accused of violating, a case in which there is no claim that the provision *202 at issue is invalid. In such a case, if the Government **proves actual knowledge of the pertinent legal duty,** the prosecution, without more, **has satisfied the knowledge component of the willfulness requirement.** But **carrying this burden requires negating a defendant's**

**claim of ignorance of the law** or a **claim that because of a misunderstanding of the law**, he had a good-faith belief that he was not violating any of the provisions of the tax laws. This is so **\*\*611** because **one cannot be aware that the law imposes a duty upon him and yet be ignorant of it, misunderstand the law, or believe that the duty does not exist.** In the end, the issue is whether, based on all the evidence, the Government has proved that the defendant **was aware of the duty at issue**, which cannot be true if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively reasonable.

In this case, if Cheek asserted that he truly believed that the Internal Revenue Code did not purport to treat wages as income, and the jury believed him, the Government would not have carried its burden to prove willfulness, however unreasonable a court might deem such a belief. Of course, in deciding whether to credit Cheek's good-faith belief claim, the jury would be free to consider any admissible evidence from any source showing that Cheek was **aware of his duty to file a return and to treat wages as income, including evidence showing his awareness** of the **relevant provisions of the Code or regulations, of court decisions rejecting his interpretation of the tax law, of authoritative rulings of the Internal Revenue Service, or of any contents of the personal income tax return forms** and **accompanying instructions** that made it plain that wages should be returned as income. *[Emphasis added]*

Therefore the Accused demands that every document to date presented to the Accused be clothed with this Motion in Limine and shall not be admitted into the pending Trial by Jury until the "know legal duty" is disclosed to the Accused. If this "known legal duty" is unknown to David Michael Hurst, Jr. ("Hurst"), Judge Daniel P. Jordan, III and the Accused then as a *matter of law* flows *a fortiori* there can't be any "willfulness" and this Indictment must be dismissed with prejudice.

As a *matter of law*, this "know legal duty" is mandated to be known by David Michael Hurst, Jr. ("Hurst") and District Judge Daniel P. Jordan, III to be specifically articulated definitively within the limits imposed arising under the Federal Constitution and the "Laws of the United States" ("Statutes of the United States") unless this Indictment against the Accused is a total FRAUD; or, in the alternative this "know legal duty" is under the unconstitutional, illegal and unlawful headless 4th Branch known as the "Administrative State" officially making its debut in 1946 in 60 Stat 237-244 currently codified in 5 U.S.C. chapters 5-9 wherein Hurst and District Judge Daniel P. Jordan, III must disclose the part 1 substantive regulations that have the "force and effect of law"

under the holdings *Chrysler v. Brown*, 441 U.S. 281 (1979) to created the obligation and "known legal duty."

"***The existence of a known legal duty owed by a taxpayer is a question of law for the court***", and this was held in *U.S. v. Pirro*, 96 F.Supp.2d 279, 283 (D.C. S.D. N.Y. 1999). *Affirmed in U.S. v. Pirro*, 212 F.3d 86 ( 2nd Cir. 2000).

See also *U.S. v. Ingredient Tech. Corp.*, 698 F.2d 88 (2nd Cir. 1983).

It would be very confusing to the jury to have opposing opinions of the law admitted into evidence involving a factual question for them to decide and if the tax law is uncertain, the Indictment should be dismissed. This is a question of law for the Court. This is the pronouncement in the adjudged case of *U.S. v. Ingredient Tech. Corp.*, 698 F.2d 88 (2nd Cir. 1983), to wit:

> . . . it would be very confusing to a jury to have opposing opinions of law admitted into evidence as involving a factual question for them to decide. Indeed, as that dissent points out, the inevitable logic of the majority's decision in Garber is that if the tax law is uncertain, the indictment should be dismissed. Questions of law are for the court. United States v. Bronston, 658 F.2d 920, 930 (2d Cir.1981), cert. denied, --- U.S. ----, 102 S.Ct. 1769, 72 L.Ed.2d 174 (1982); Marx & Co. v. Diners Club, Inc., 550 F.2d 505, 509-10 (2d Cir.), cert. denied, 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977).

"It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge." as pronounced in *Marx & Co. v. Diners Club, Inc.*, 550 F.2d 505, 509-510 (2nd Cir. 1977), *cert denied*, 434 U.S. 861 (1977). And further *ibid at 510* "(Construction (of a contract) is always a matter of law for the Court."). See also *U.S. v. Lanni*, 466 F.2d 1102, 1110 (3rd Cir. 1972). "It is settled that when the law is vague or highly debatable, a defendant-actually or imputedly-lacks the requisite intent to violate it." as held in *U.S. v. Critzer*, 498 F.2d 1160, 1162 (4th Cir. 1974). See also *U.S. v. Mallas*, 762 F.2d 361 (4th Cir. 1985).

Also *Mallas at 363*, to wit:

Criminal prosecution for the **violation of an unclear duty itself violates the clear constitutional duty of the government to warn citizens whether particular conduct is legal or illegal.** See generally Note, Criminal Liability for Evasion of an Uncertain Tax, 81 Col.L.Rev. 1348 (1981). As *Critzer* indicates, this same requirement arises from the rule of 26 U.S.C. ß 7206 that only a "willful" tax evasion is criminal. Willful conduct under ß 7206, which the Supreme Court described in *United States v. Pomponio* as **"voluntary intentional violation of a known duty,"** 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976), **requires that the duty involved must be knowable.** See also *James v. United States*, 366 U.S. 213, 221-222, 81 S.Ct. 1052, 1056-1057, 6 L.Ed.2d 246 (1961). *[Emphasis added]*

"It is perfectly clear, therefore, that if the word "duty," as employed in the [jury] instruction, meant legal duty, then it left a question of law to the determination of the jury, and that was an error." as held in *Pennsylvania Co. v. Frana*, 13 Ill.App. 91, 97 (App. Ct. Ill 1883).

Also as a *matter of law*, if the "know legal duty" is not disclosed to the Accused, then this precludes "jury instructions" that are loaded against the Accused to have a fair and impartial Trial by Jury of his peers. This also precludes the use of "by law" within the jury instructions as the "*statute*" must be disclosed to the jury that creates the "<u>*known legal duty*</u>" or the "<u>*duly promulgated and published regulation*</u>" *Ibid. International Minerals & Chemical Corp @ 563.*

Judge Scalia, dissenting from the denial of certiorari, February 23rd, 2009 *Sorich v. United States*, 129 S.Ct. 1308 (2009) clearly articulated @ *1310* "Second and relatedly this Court has long recognized the "basic principle that a <u>*criminal statute*</u> must give fair warning of the conduct that it makes a crime." *Bouie v. City of Columbia*, 378 U.S. 347 350, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964)." *Ibid @ 1310*, "But "the notion of a common-law crime is utterly anathema today," *Rogers v. Tennessee*, 532 U.S. 451, 476, 121 S.C. 1693, 149 L.Ed.2d 697 (2001) (SCALIA, J., dissenting) and for good reason. It is simply not fair to prosecute someone for a crime that has not been defined until the judicial decision that sends him to jail." *Ibid @ 1310* "How can the public be expected to

know what the *statute means when the judges and prosecutors themselves do not know, or must make it up as they go along*?" *Rybicki, supra.* at 160 (Jacobs, J., dissenting)." See *United States v. Rybicki*, 354 F.3d 124, 142 (2nd Cir. 2003).

And further the Accused has the right to not have hearsay evidence especially under Evidence Rule 803 used or introduced in the Trial by Jury if it get to a trial.

In the adjudged decision of the Supreme Court of the United States in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) in a motion for summary judgment "The *evidence of the non-movant is to be believed*, and all justifiable inferences are to be drawn in his favor." See *United States v. Diebold, Incorporated*, 369 U.S. 654, 654 (1962) (per curiam); *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 332 [FN 2] (1990); *I.N.S. v. Abudu* 485 U.S. 94, 101 (1988); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157-158 (1970); *Hunt v. Cromartie, et al.*, 526 U.S. 541, 552 (1999); *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 987 (9th Cir. 2006); *Pecarovich v. Allstate Ins. Co.*, 309 F.3d 652, 659 (9th Cir. 2002); *Fielder v. UAL Corp.*, 218 F.3d 973, 989-990 (9th Cir 2000); *Lake Nacimiento Ranch Co. v. San Luis Obispo County*, 841 F.2d 872, 876 (9th Cir. 1987) "The district court properly required the Ranch to make "sufficient showings" supporting the essential elements of its case whenever the Ranch would have carried the burden of proof at trial."

In the adjudged decision of the Supreme Court of the United States in *Scott v. Harris*, 127 S.Ct. 1769, 1774-1775 (2007), to wit:

> As this case was decided on summary judgment, there have not yet been factual findings by a judge or jury, and respondent's version of events (unsurprisingly) differs substantially from Scott's version. *When things are in such a posture, courts are*

*required to view the facts and draw reasonable inferences "in the light most favorable to the party opposing the [summary judgment] motion."* *1775 United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam); *[Emphasis added]*

In the adjudged decision of the Supreme Court of the United States in *Eastman Kodak Co. v. Image technical Services, Inc.*, 504 U.S. 451, 466 [FN 10] "Recognizing that on summary judgment we may examine the record *de novo* without relying on the lowers courts' understanding."

It has been settled that hearsay evidence is unreliable and by its own nature incompetent and inadmissible especially if first hand knowledge of facts can be obtained. In the adjudged decision of the Supreme Court of the United States of the well settled rule pronounced in *Donnelly v. United States*, 228 U.S. 243, 276-277 (1913) citing *Queen v. Hepburn*, 7 Cranch 290, 295 (1813), to wit:

> **461 *Queen v. Hepburn* (1813) 7 Cranch, 290, 295, 3 L. ed. 348, 349,** was a suit in which the petitioners claimed freedom, and certain depositions were rejected by the trial court as hearsay. This court, speaking through Chief Justice Marshall, said: <u>'These several opinions of the court [meaning the trial court] depend on one general principle, the decision of which determines them all. It is this: that hearsay evidence is incompetent to establish any specific fact, which fact is in its nature susceptible of being proved by witnesses who speak from their own knowledge. . . .</u> It was very justly observed by a great judge [FN4] that <u>'all questions upon the rules of evidence are of vast importance to all orders and degrees of men; our lives, our liberty, and our property are all concerned in the support of these rules, which have been matured by the wisdom of ages, and are no revered from their antiquity and the good sense in which they are founded.' One of these rules is that 'hearsay' evidence is in its own nature inaddmissible.</u> That this species of testimony supposes some better testimony which might be adduced in the particular case is not the sole ground of its exclusion. <u>It intrinsic weakness, its incompetency to satisfy the mind of the existence of the fact, and the frauds which might be practised under its cover, combine to support the rule that hearsay evidence is totally inaddmissible. . . . The danger of admitting hearsay evidence is sufficient to admonish courts of justice against lightly yielding to the *277 introduction of fresh exceptions to an old and well-established rule, the value of which is felt and acknowledged by all</u>. If the circumstance that the eyewitnesses of any fact be dead should justify the introduction of testimony to establish that fact from hearsay, no man could feel safe in any property, a claim to which might be supported by proof so easily obtained. . . . This court is not inclined to extend the exceptions further than they have already been carried.'
> FN4 The reference is to the opinion of Lord Kenyon, Ch. J., in Rex v. Eriswell (1790) 3 T. R. 721.
> <u>This decision was adhered to in</u> *Davis v. Wood* (1816) 1 Wheat. 6, 8, 4 L. ed. 22, 23; *Scott v. Ratliffe* (1831) 5 Pet. 81, 86, 8 L. ed. 54, 55; *Ellicott v. Pearl* (1836) 10 Pet. 412, 436, 437, 9 L. ed. 475, 485, 486; *Wilson v. Simpson* (1850) 9 How. 109, 121, 13 L. ed.

66, 71; *Hopt v. Utah* (1884) 110 U. S. 574, 581, 28 L. ed. 262, 265, 4 Sup. Ct. Rep. 202, 4 Am. Crim. Rep. 417. And see *United States v. Mulholland*, 50 Fed. 413, 419. *[Emphasis added]*

See also *Hopt v. People*, 110 U. S. 574, 582 (1884); *Scott's Lessee v. Ratliffe*, 30 U.S. 81 (1831); *Wong Yee Toon v. Stump*, 233 F. 194, 197 (4th Cir. 1916); *Hauger v. United States*, 173 F. 54, 58-59 (4th Cir. 1909); *Hanfelt v. United States*, 53 F.2d 811, 813 (8th Cir. 1931).

Therefore the Accused Motions this Court to preclude all hearsay evidence under the Motion in Limine.

My Hand,

*Wiley R. Kuyrkendall* (signature)

**Certification:**
I certify that this document and any attachments if any were either delivered to office(s) or mailed via USPS first class to the following parties, to wit:

**David Michael Hurst, Jr.**
**U.S. Attorney's Office – Jackson**
188 E. Capitol St., Suite 500
Jackson, Mississippi 39201
601-973-2880 Phone
601-965-4409 Fax
mike.hurst@usdoj.gov

Date August 3rd, 2009

/s/ Wiley Randolph Kuyrkendall