# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

UNITED STATES OF AMERICA

V.                                          CRIMINAL NO. 3:09cr18 DPJ-JCS

WILEY RANDOLPH KUYRKENDALL

## ORDER

This criminal matter is before the Court on pro se Defendant Wiley Randolph Kuyrkendall's Second Motion to Dismiss [27], Third Motion to Dismiss [30]; Fourth Motion to Dismiss [32]; Fifth Motion to Dismiss [36]; Sixth Motion to Dismiss [40]; Seventh Motion to Dismiss [42]; Eighth Motion to Dismiss [43]; Ninth Motion to Dismiss [44]; Motion in Limine and Demand for a Show Cause Hearing [52]; and Motion to Extend Trial Date [53]. The Court has fully considered the parties' submissions and the applicable law and finds that each motion must be denied.[1] In addition, the Court determines that the Federal Public Defender should be appointed as standby counsel to protect the integrity and continuity of the proceedings.

## I.    Procedural History

Defendant Wiley Randolph Kuyrkendall filed nine motions to dismiss. On July 30, the Court ordered Defendant to file his replies to the Government's responses to the pending motions no later than August 5, 2009, and gave Defendant additional time to file any non-duplicative motions. Since the July 30th Order, Defendant has filed a motion in limine which is essentially a

---

[1] Having reviewed all of Defendant's motions and the various arguments therein contained, the Court finds no cognizable basis for dismissing the indictment. Because much of this is frivolous and repetitious, the Court will make no effort to address each issue raised in each motion, but will instead address what appear to be the core arguments of the motions. Moreover, the Court finds that these issues do not merit extensive evaluation.

repeat of his motions to dismiss. He also filed replies with respect to some of the motions but filed a delinquent reply as to his Fifth Motion to Dismiss [57].

**II.     Rulings**

      A.     Defendant's Second Motion to Dismiss Re: "Meaning of 'By Law'"

In his Second Motion to Dismiss, Defendant claims that the indictment is insufficient because it states that he was required "by law" to file tax returns without explaining which laws required him to file. The argument fails because the Indictment "contains the elements of the offense charged and fairly informs [the] defendant of the charge against which he must defend, and . . . enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (citing *United States v. Hamling*, 418 U.S. 87, 117 (1974)). Moreover, the Fifth Circuit has expressly rejected the argument that an indictment or information under 26 U.S.C. § 7203 must cite 26 U.S.C. § 6012, which creates the duty to pay income taxes. *United States v. Kahl*, 583 F.2d 1351, 1355 (5th Cir. 1978); *see also States v. Mullendore*, 3 F.3d 437 (5th Cir. 1993) (not selected for publication). The Court finds no basis for granting Defendant's Second Motion to Dismiss.[2]

      B.     Defendant's Third Motion to Dismiss Re: "Taxpayer"

Defendant's Third Motion to Dismiss generally contests this Court's subject matter jurisdiction over § 7203 claims.[3] Although none of the arguments correctly interpret the law, the motion contains two reoccurring themes. First, Defendant mistakenly relies on 28 U.S.C. § 2201

---

[2]Defendant's Sixth, Eighth and Ninth Motions also question the sufficiency of the indictment for failing to identify the legal duty to pay taxes and are likewise denied.

[3]The motion and reply also include some misplaced references to personal jurisdiction.

to argue that this Court lacks jurisdiction. Section 2201 is a *civil* statute with no application in this criminal case. Second, Defendant suggests that separation of powers precludes jurisdiction, an argument the Fifth Circuit has found lacking in any "perceivable merit." *United States v. McCarty*, 665 F.2d 596, 596–97 (5th Cir. 1982). Simply put, § 7203 claims fall within the subject mater jurisdiction of this Court. *Id.*; *see also* 18 U.S.C. § 3231 (district courts have jurisdiction over offenses against laws of the United States). The Court finds no basis for granting Defendant's Third Motion to Dismiss.

    C.    <u>Defendant's Fourth Motion To Dismiss Re: "District Directors - 6301"</u>

Defendant's Fourth Motion to Dismiss often echoes meritless arguments presented elsewhere in Defendant's submissions. Two themes emerge. First, Defendant is troubled by the elimination of "district directors" who were charged with collection of taxes. Second, Defendant "objects to the headless 4th Branch of Government not sanctioned by the Federal Constitution."

The Government interprets this motion as a challenge to the sufficiency of the Indictment. If that is so, then Defendant's motion is not well taken. *See* § II(A) above. However, the motion appears to include a constitutional attack on the internal revenue system. That argument is equally lacking in merit. *See Crain v. Commissioner*, 737 F.2d 1417, 1417-418 (5th Cir. 1984) ("The constitutionality of our income tax system-including the role played within that system by the Internal Revenue Service . . . has long been established."); *United States v. Barry*, No. 2:08-cr-56-FtM-99SPC, 2009 WL 1767581, at *2 (M.D. Fla. June 22, 2009) (holding that elimination of "district directors" and "bureaucratic restructuring of the Internal Revenue Service . . . did not eliminate the statutory requirement that defendant file tax returns").

D.  Defendant's Fifth Motion to Dismiss Re: "Preliminary Examination of Federal Rules of Criminal Procedure"

At its core, Defendant's Fifth Motion to Dismiss claims that he was denied the "fundamental right to have a preliminary examination and have an independent judicial Officer determine the probable cause of the Arrest secured in the Fourth Amendment before Indictment, to confront his Accuser, to confront the witnesses and cross same, to examine the evidence to establish probable cause, to testify if desired and present possible exculpatory evidence." Fifth Motion [36] at 1-2. The motion is denied because Defendant was indicted and the procedure complied with 18 U.S.C. § 3060(e) and Rule 5.1(a)(2) of the Federal Rules of Criminal Procedure.

E.  Defendant's Sixth Motion to Dismiss Re: "Gross Income"

Defendant's Sixth Motion to Dismiss challenges the use of the term "gross income" in the Indictment. The term is defined in 26 U.S.C. § 61 and is used throughout § 6012 which requires the payment of income taxes. The use of that same term in the Indictment filed under 26 U.S.C. § 7203, which prohibits the willful failure to pay taxes or file returns, does not require dismissal.

F.  Defendant's Seventh Motion to Dismiss Re: "Legal Duty"

In addition to another attack on the sufficiency of the indictment, Defendant's Seventh Motion to Dismiss touches on other reoccurring themes. Defendant argues–as he does in other motions–that the "legal duty" to pay taxes under § 6012 evaporates if the duty is not published in the Federal Register. The argument fails. *See generally, United States v. Clayton*, 506 F.3d 405, 409 (5th Cir. 2007) (rejecting similar argument and holding that § 6012 is an act of Congress that

does not invoke the APA); *United States v. Bowers*, 920 F.2d 220, 222 (4th Cir. 1990) (The "duty to pay taxes is manifest on the face of the statutes, without any resort to IRS rules, forms or regulations."). Defendant also claims that whether he was under a legal duty to pay taxes is a question of law for the Court, and he then makes a general vagueness argument. The motion fails to adequately articulate either of these arguments, and the Court rejects the general contention that the duty to pay income taxes is not sufficiently definitive. *See, e.g., United States v. Moore*, 692 F.2d 95, 96 (10th Cir. 1979) (holding that provisions of the Internal Revenue Code specifying the persons who have to pay taxes and file returns are not unconstitutionally vague).

G. Defendant's Eighth Motion to Dismiss Re: "26 U.S.C. § 6012"

The Eighth Motion to Dismiss for the most part rehashes his Second and Seventh Motions and is otherwise rejected as meritless.

H. Defendant's Ninth Motion to Dismiss Re: "Law of the United States, i.e. Statutes –FRCP Rule 7"

The Ninth Motion to Dismiss again challenges the sufficiency of the indictment and is otherwise denied for lack of merit.

I. Motion in Limine

Although Defendant's motion in limine makes a few new and fundamentally incorrect statements, it is generally another articulation of the arguments Defendant raised in his nine previous motions to dismiss. In general, he seeks exclusion of all evidence until the government produces documents demonstrating a "known legal duty" Defendant is accused of breaching. This is not a discovery issue, and for the reasons stated above, the motion is denied.[4]

---

[4]Defendant is correct in the general proposition that hearsay testimony is not admissible, but in terms of a motion in limine, he must clearly articulate the precise evidence he claims to be

5

J.  Motion for an Extension of Time

Defendant's motion for an extension of time is denied. Defendant sought time to review the grand jury transcript that he requested in a previous motion. That motion was denied, so no time is needed for the review. Defendant further sought time in light of his pending motions, but the motions are denied. This matter was originally set for trial in May 2009. The parties have had sufficient time to prepare, and the Court finds that the motion for an extension is not well taken and does not overcome the public's right to a speedy trial. However, given the nature of Defendant's prior motions, the Court concludes that a substantive pre-trial conference would be beneficial. Accordingly, this matter is set for pre-trial conference on August 14 at 1:00 p.m.

K.  Standby Counsel

Defendant has been thoroughly advised of the benefits of legal counsel on many occasions both on and off the record. He has knowingly and voluntarily waived counsel and insists upon representing himself. However, the Court believes that standby counsel is necessary. Therefore, the Court appoints the Federal Public Defender to serve in that capacity. Said counsel will serve exclusively on behalf of the Court to protect the integrity and continuity of the proceedings and will not represent the Defendant.

IT IS, THEREFORE, ORDERED, that Defendant's Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Motions to Dismiss, his Motion in Limine, and his Motion for an Extension are all DENIED.

IT IS FURTHER ORDERED that this matter is set for pre-trial conference on August 14, 2009 at 1:00 p.m.

---

hearsay.

AND FINALLY ORDERED that the Federal Public Defender for the Southern District of Mississippi is appointed as standby counsel.

**SO ORDERED AND ADJUDGED** this the 7th day of August, 2009.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE