UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

VS.  CRIMINAL NO.: 3:09cr18-DPJ-LRA

WILEY RANDOLPH KUYRKENDALL

**<u>ORDER</u>**

This misdemeanor tax evasion case is before the Court on Defendant Wiley Randolph Kuyrkendall's motion for new trial [73]. Defendant, who represented himself at trial, was convicted by a jury on August 20, 2009, on two counts of tax evasion pursuant to 26 U.S.C. § 7203. Defendant now seeks a new trial pursuant to Federal Rule of Criminal Procedure 33. The Court has fully considered the parties' submissions and the applicable law, and finds that the motion is not well taken and should be denied.

I.  Standard

Rule 33 allows the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." "The grant of a new trial is necessarily an extreme measure, because it is not the role of the judge to sit as a thirteenth member of the jury." *United States v. O'Keefe,* 128 F.3d 885, 898 (5th Cir. 1997). Therefore, "motions for new trial are not favored, and are granted only with great caution." *Id*. (citing *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977)). "A new trial is granted 'only upon demonstration of adverse effects on substantial rights of a defendant.'" *United States v. Rasco*, 123 F.3d 222, 228 (5th Cir. 1997) (quoting *United States v. Cooks*, 52 F.3d 101, 103 (5th Cir. 1995)). An error affects the defendant's substantial rights if "it affected the outcome of the trial court proceedings." *United States v. Alarcon*, 261 F.3d 416, 423 (5th Cir. 2001); *see also United States v. Inman*, 411 F.3d 591, 595 (5th Cir. 2005)

(holding that "[t]he restitution order affected [the defendant's] substantial rights because the outcome of the district court proceedings would have been different if the error had not occurred").

Unlike a motion for judgment of acquittal, the court may weigh the evidence and assess the credibility of witnesses with respect to a motion for new trial. *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997) (citing *Tibbs v. Florida*, 457 U.S. 31, 37-38 (1982)). "The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* at 1118. "Any error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial." 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, Federal Practice & Procedure § 556 (3d ed. 2004). Based on the applicable standard, the Court finds that a new trial is not warranted in this case.

II.   Analysis

Defendant restates a number of the arguments he presented in his nine pretrial motions to dismiss and in his two failed interlocutory appeals–such as the claim that Defendant is not bound by the Federal Rules of Criminal Procedure. The Court has already addressed those issues and again rejects them with respect to the present motion for the reasons previously stated. Defendant also presents a laundry list of trial-related complaints discussed below.

     A.   Defendant's Competence

Defendant claims that he was under the influence of drugs and therefore "confused, disoriented and delusional" at trial. Defendant's Motion at 9. This claim stands in stark contrast to Defendant's statements during his bond revocation hearing conducted the day before trial began. On August 18, 2009, Defendant was apprehended for failing to appear at the final pretrial

conference or for his trial. At the revocation hearing, Magistrate Judge Linda Anderson asked Defendant whether he had consumed any narcotics within the past twenty-four hours. Defendant denied that he had and further denied any other reason that he would have difficulty understanding the proceeding.

Later that same day, the undersigned conducted the belated pretrial conference and noted no sign that Defendant was compromised. Due to Defendant's lack of legal training, however, the Court did ask several times whether he understood the Court's rulings. Defendant responded that he did. By the time trial began the following day, Defendant had been incarcerated since the previous day, and there has been no indication that he obtained drugs while in jail. It is worth noting too, that the Court detected no difference in his appearance, demeanor, or capabilities from the pretrial conducted August 18 until the end of trial on August 20, contrary to what might be expected if he had truly ingested large amounts of narcotics prior to incarceration.

As for the trial itself, the Court closely monitored Defendant's actions given his failure to appear. When asked, Defendant announced that he was ready to proceed, and the Court does not recall any suggestion that he was incapacitated. The Court had ample opportunity to observe Defendant, including numerous bench conferences, and not once did he stumble, slur his words, doze off, or appear "disoriented" or "delusional." Instead, Defendant was well dressed, well groomed, articulate, and lucid. Finally, although his lack of legal skill was apparent, Defendant's performance at trial unequivocally demonstrated that he had the ability to effectively communicate with the Court and standby counsel, to represent himself in a manner consistent with his right to do so, and that he displayed "a rational as well as factual

understanding of the proceedings." *Dusky v. United States*, 362 U.S. 402, 403 (1960). This ground for new trial is not well taken.

B. Time to Prepare

Defendant also suggests that there was a rush to justice and he was denied time to prepare. The Court notes first that Defendant was indicted in February 2009 and the case was continued from its original May 2009 setting until August 2009. Defendant squandered his opportunity to prepare in the final days before trial by leaving his residence and failing to appear, which resulted in the revocation of his bond. Absconding is not a valid ground for continuance.

Defendant also states that he was denied access to his materials and ample opportunity to prepare once the trial began. Defendant had six months to prepare for trial. Once at trial, the Court gave the parties an additional two hours to prepare between jury selection and opening statements. At the end of the first day, Defendant stated that he needed additional time to work with his documents, and the Court offered to allow him to do so in the courthouse before returning to the county jail where he was being held. Defendant declined but requested and received an opportunity to continue his preparation in the morning prior to the start of the second and final day of testimony. When the Court expressly asked whether the accommodation was sufficient, Defendant responded that it was.

C. Jury Instructions

1. Procedure

Other than baseless allegations of conspiracy between the Court and prosecution, Defendant first claims that he did not receive the Government's instructions in a timely manner. If true, the delay was his own fault. On July 24, 2009, the Court ordered the parties to exchange

instructions on August 13 at the office of the United States Attorney. On August 12, the Assistant United States Attorney emailed Defendant reminding him of the Court's order to meet and exchange instructions. Defendant failed to appear as ordered and cannot now complain that he did not receive the Government's instructions at an earlier date. Moreover, there was no prejudice. Under Rule 30, a party requesting an instruction to the jury must make the request "at the close of the evidence or at any earlier time that the court reasonably sets." The Government provided a copy of its instructions to Defendant the day before trial, which is obviously before the close of evidence.

Similarly, Defendant claims that he was not given sufficient time to consider the Court's instructions. This argument fails for a variety of reasons. First, the Court was under no duty to provide draft instructions the day before the charge conference, but did so as a courtesy to the parties. Second, the day after receiving the Court's proposed instructions, Defendant asked for additional time for review between the close of evidence and the charge conference. The Court granted the request, and Defendant reviewed the instructions with the assistance of court-appointed standby counsel. Before the allotted time for review expired, Defendant announced that he was ready to proceed. The Court told Defendant that time remained for review, but Defendant stated that he was ready. Defendant cannot now claim that he lacked sufficient time to consider the Court's instructions. Third, the instructions were significantly patterned after the Fifth Circuit Pattern Jury Instructions, and the Court informed Defendant on the record at least a month before trial that those instructions would be used. Finally, as discussed below, the instructions were proper, so the purported lack of time did not adversely affect Defendant's substantial rights. *See Rasco*, 123 F.3d at 228.

### 2. Substance of the Instructions

Defendant contests the substance of the instructions, claiming that the Court should have used Defendant's instructions rather than those drafted largely from the Fifth Circuit Pattern Jury Instructions. "A district court retains 'broad discretion' in formulating jury instructions [and the Fifth Circuit] will not reverse 'unless the instructions taken as a whole do not correctly reflect the issues and law.'" *United States v. Simmons*, 374 F.3d 313, 319 (5th Cir. 2004) (citing *United States v. McKinney*, 53 F.3d 664, 676 (5th Cir. 1995)). To make the requisite showing that a new trial is warranted based on an erroneous instruction, Defendant must show that the instruction he requested: "(1) was a correct statement of the law, (2) was not substantially covered in the charge as a whole, and (3) concerned an important point in the trial such that the failure to instruct the jury on the issue seriously impaired [his] ability to present a given defense." *United States v. Smithson*, 49 F.3d 138, 142 (5th Cir. 1995).

Other than a general objection to the failure to give his instructions rather than those drafted from the pattern instructions and relevant case law, Defendant asserts the Court failed to define the term "by law" to the jury. The contention is meritless as the given instructions correctly identified the essential elements of the offense and otherwise correctly stated the law. Similarly, Defendant argues that the instructions misled the jury "that the USA did not have to prove a 'tax was due and owing' or that 'Defendant intended to evade or defeat payment of taxes' when no duty or obligation of a 'known legal duty' was presented to the jury." This argument relates to Defendant's misguided arguments presented in his numerous motions to dismiss. Defendant was under a legal duty to pay taxes. The Court's instructions were a correct

statement of the law, and Defendant's proposed instructions were not. Defendant has failed to demonstrate that the instructions affected his substantial rights. *See Rasco*, 123 F.3d at 228.

    C.    The Evidence

Defendant raises a number of issues with respect to the evidence. As a general matter, none of Defendant's arguments demonstrate that a substantial right was affected, in part because the evidence of guilt was overwhelming. *See United States v. Moreno*, 185 F.3d 465, 475 (5th Cir. 1999) (finding error harmless where evidence of guilt is overwhelming). A crucial issue in most § 7203 cases is whether the defendant acted willfully. *See generally Cheek v. United States*, 498 U.S. 192, 204-06 (1991). This element requires distinction between "a defense based on the defendant's good-faith belief that he was acting within the law from a defense based on the defendant's views that the tax laws are unconstitutional or otherwise invalid." *United States v. Simkanin*, 420 F.3d 397, 404 (5th Cir. 2005) (citing *Cheek*, 498 U.S. at 204-06). "[T]he latter belief, regardless of how genuinely held by the defendant, does not negate the willfulness element. Thus, . . . evidence pertaining to a defendant's beliefs that the tax laws are invalid is irrelevant to establishing a legitimate good-faith defense." *Id*. Finally, a mere disagreement with tax law is not a valid defense to a charge under § 7203. *Cheek*, 498 U.S. at 201. The Court will not recount all of the evidence demonstrating Defendant's willful failure to pay taxes. However, Defendant admitted that he failed to pay his taxes in the relevant years; claimed that he had no such duty; and stated in his summation that he disagreed with the law. *Id*. The record unambiguously and overwhelmingly supports the jury's verdict, rendering the stated evidentiary issues harmless. *Moreno*, 185 F.3d at 475.

1. Flight

Defendant argues without explanation that the jury was prejudiced by "perjured flight information when there was no flight." Defendant himself admitted during the revocation hearing that he failed to appear for the final pretrial conference or for trial. Moreover, a Deputy United States Marshal offered unrebutted testimony that Defendant left his residence on August 14 and was staying at a local hotel. The evidence of flight demonstrated a consciousness of guilt and was admissible. *See, e.g.*, *United States v. Alonzo*, 571 F.2d 1384 (5th Cir. 1978) (holding that trial court properly admitted evidence of flight when defendant failed to appear for trial on the date originally set). Moreover, the Court immediately provided the standard limiting instruction. The flight evidence was properly admitted and offers no basis for a new trial.

2. Defendant's Evidence

Defendant raises a number of vague objections about being denied the right to defend himself or present his evidence. In a recurring issue at trial, Defendant often attempted to instruct the jury on why the law does not require him to pay taxes. Because the Government must prove "willfulness," the Fifth Circuit has "recognized both the need to allow the defendant to establish his beliefs through reference to tax law sources and the need to avoid unnecessarily confusing the jury as to the actual state of the law." *United States v. Barnett*, 945 F.2d 1296, 1301 (5th Cir. 1991) (citing *United States v. Flitcraft*, 803 F.2d 184, 185-86 (5th Cir. 1986)). Accordingly, the Fifth Circuit has observed that

> the district court must be permitted to prevent the defendant's alleged view of the law from confusing the jury as to the actual state of the law, especially when the defendant has constructed an elaborate, but incorrect, view of the law based on a misinterpretation of numerous IRC provisions taken out of proper context.

*Simkanin*, 420 F.3d at 404 (citing *Barnett*, 945 F.2d at 1300). Consistent with these and other similar cases, the Court allowed Defendant to discuss the law in the context of his beliefs while disallowing misleading statements as to what the law actually requires. *Id.*; *see also* Fed.R.Evid. 403. The Court finds no error requiring a new trial.

Defendant also expressed a desire to introduce a large volume of material he had culled from various current and historical sources, including legal memoranda, letters, statutes, case law, federal regulations, and the like. Careful review of the record once it is transcribed will reveal whether Defendant ever actually offered the documents. Nevertheless, *Flitcraft* affirmed exclusion of similar documentary evidence when the Defendant testifies at trial. 803 F.2d at 186. This Court carefully considered the delicate balancing *Flitcraft* requires and followed the *Flitcraft* approach. *See also Simkanin*, 420 F.3d at 412; *United States v. Schutt*, 96 F. App'x 260, 261 (5th Cir. 2004). Defendant has not demonstrated error.

### 3. Witnesses

Defendant raises several generalized arguments regarding the witnesses such as the claim that he was convicted by "perjured testimony presenting purported inculpatory evidence by the USA that was evidence of nothing including IRS instructions, forms and other documents." Defendant's Motion at 2. The argument is unintelligible, but generally speaking the motion fails to specify the purported perjury.

### 4. Rule 404(b)

In an apparent nod to Rule 404(b) of the Federal Rules of Evidence, Defendant claims that he was convicted with "prior purported offenses including piggybacking." Defendant's Motion at 2. Defendant presumably refers to evidence that he failed to pay state and federal

9

income taxes on other occasions and evidence of a prior state conviction for tax evasion. The argument fails first because Defendant objected at trial only after the documents had been admitted and discussed. Second, the conduct was intrinsic to the offense. *See United States v. Peck*, 62 F. App'x 561, 569 (6th Cir. 2003) (holding that uncharged incidents of tax evasion were intrinsic); *United States v. Lee*, 60 F. App'x 425, 427 (4th Cir. 2003) (same). Alternatively, the Court expressly addressed the evidence under the *Beechum* standard and concluded that other incidents of tax evasion were probative of willfulness and therefore admissible under Rule 404(b) without violating Rule 403. The evidence was properly admitted.

        5.        Jury Selection

Defendant claims he was denied an impartial jury. The only dispute during jury selection occurred when Juror Number 13 stated that it would be hard for her to be fair. Although she later equivocated, the Court made a credibility determination and granted the Government's motion to strike. The exclusion of this one juror was within the Court's discretion. The Court recalls no other disputes. If others existed, Defendant waived them when, in response to the Court's inquiry, he stated that he had no objections to the jury or the jury selection process.

    D.        Miscellaneous Arguments

Defendant's motion rattles off a long list of grievances for which he offers no specificity and no supporting facts or law. Such arguments include that he was (1) subjected to an illegal search and seizure; (2) deprived of liberty without due process of law; (3) subjected to double jeopardy; (4) denied the right to be "confronted with witnesses with first hand knowledge arising under the Federal Constitution and the Bill of Rights"; and (5) "denied the Due Process of being allowed to offer a proper defense." Some of these arguments appear to relate to Defendant's

ongoing disagreement with federal law and federal jurisdiction. Others, such as the Fourth Amendment claim, appear to have been waived. None are pled sufficiently for consideration.

**SO ORDERED AND ADJUDGED** this the 2th day of October, 2009.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE